**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAUL CONONIE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-00942 |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| THE KLOTZ GROUP OF COMPANIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike.") (citations omitted). Among other things, the screening provisions require a court to dismiss an action that is frivolous or malicious or fails to state a claim upon which relief may be granted. El-Bey v. United States, 619 F. App'x 53, 54 (3d Cir. Oct. 13, 2015). In addition, district courts may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice. *See* Williams v. Dep't of Just., No. CV 24-966, 2024 WL 3362866, at *2 (W.D. Pa. July 10, 2024).[1]

The applicable venue statute provides that venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is

[1] The Court of Appeals for the Third Circuit has indicated that it generally is impermissible to impose the alternative remedy of *sua sponte* dismissal with prejudice for improper venue given that venue is a waivable objection. *See* Fiorani v. Chrysler Grp., 510 F. App'x 109, 111 (3d Cir. 2013).

located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). It is clear from the face of the Amended Complaint that this case involves events and omissions that primarily occurred in or around Jacksonville, Florida. *See* Am. Compl. (Doc. 6) (describing events arising out of and during Plaintiff's tenancy at Eden's Edge Apartments in Jacksonville). Indeed, Plaintiff admits in the cover page to the pleading that he is "submitting a complaint related to serious legal violations that occurred in Florida" and requests that "the Court acknowledge the legal implications of the actions that occurred in Florida while adjudicating this matter in Pennsylvania." Doc. 6 (cover page). Although Plaintiff cites his own relocation "back to Pennsylvania" as the reason for seeking recourse in the Western District of Pennsylvania, *see* id., his residence is irrelevant for venue purposes where, as here, the Defendants primarily reside in Florida, and the substantial events or omissions giving rise to the claim occurred in Florida.[2] *See* 14D Fed. Prac. & Proc. Juris. § 3805 (4th ed.).

Having considered all of the factors governing venue, and in the interests of justice, the Court finds that transfer of this case to the Middle District of Florida is appropriate, as venue is more proper therein. *See* 28 U.S.C. §§ 1406(a), 1391(b)(2).[3]

---

[2] For similar reasons, there is no conceivable basis for venue in this district under the RICO venue provision, 18 U.S.C. § 1965(a). *See* Day v. City of Galveston, 480 F. App'x 119, 121 (3d Cir. 2012).

[3] The transferee court will conduct a full Section 1915(e) screening on the merits. *See* Fletcher v. Baghri Hotels, Inc., No. 23CV1714 (EP) (JBC), 2023 WL 4407571, at *1 (D.N.J. July 6, 2023).

Accordingly, the Court hereby transfers Plaintiff's action to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1406(a). The Clerk of Court shall so **TRANSFER** this action and mark the action in this Court **CLOSED**.

Plaintiff's Motions for this Court to Issue Summons (Doc. 8) and Subpoena *Duces Tecum* (Doc. 9) are **DENIED WITHOUT PREJUDICE AS MOOT.**

IT IS SO ORDERED.

September 29, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via U.S. First Class Mail):

Paul Cononie
c/o 307 Dunbar Drive
Pittsburgh, PA 15235