**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PAUL CONONIE,

Plaintiff,

v. Case No. 3:26-cv-2493-MMH-LLL

THE KLOTZ GROUP OF COMPANIES, et al.,

Defendants.

---

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Paul Cononie, filed his Amended Complaint on October 23, 2024 (Doc. 6). Upon review of the filing, the Court finds the Amended Complaint to be deficient in several ways and, as such, it is due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Amended Complaint and will provide Cononie with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Cononie should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing a corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] Most importantly here, Rules 8 and 10 govern complaints. Rule 8 requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) a "demand for the relief sought."[2] Fed. R. Civ. P. 8(a). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] Under "Relief Sought" in the Amended Complaint, Cononie lists "Referral for Criminal Investigation" as one of the actions he seeks. See Amended Complaint at 8. Cononie is advised that "[t]he law is well-settled that a private citizen 'has no judicially cognizable interest' in the criminal investigation or prosecution of another." See Whigum v. Florida, No. 3:10cv442/MCR/MD, 2010 WL 4683937, at *2 (N.D. Fla. Nov. 3, 2010) (quoting Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987)).

against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Id. Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, the Amended Complaint violates Rule 8(a) and Rule 10(b). As to Rule 8(a), Cononie fails to include a statement of jurisdiction. See generally Amended Complaint. As to Rule 10(b), Cononie fails to state allegations in separately numbered paragraphs, each limited as far as possible to a single set

of circumstances, or state claims in separately identified counts. See generally id. Indeed, the Amended Complaint consists of several pages of narrative paragraphs rather than separately numbered allegations and counts. Id. In preparing a corrected complaint, Cononie must provide a basis for the Court's jurisdiction, set forth allegations and claims in separately numbered paragraphs, and set forth claims for relief in separate counts.

Additionally, the Court cautions Cononie that a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[3] Relevant here is the type of improper shotgun pleading that occurs when the plaintiff drafts a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

---

[3] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

Weiland, 792 F.3d at 1322. Indeed, it is entirely unclear from the Amended Complaint what causes of action Cononie intends to assert, let alone which of the many broad, vague, immaterial, and unrelated allegations are intended to support any cause of action. See generally Amended Complaint. When preparing the corrected complaint, Cononie should omit "conclusory, vague, and immaterial" factual allegations "not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. Instead, Cononie must include specific factual allegations and causes of action that give the defendants "adequate notice of the claims against [them] and the grounds upon which each claim rests." See id. at 1323. Also relevant here is the category of shotgun pleadings where a plaintiff "assert[s] multiple claims against multiple defendants without specifying . . . which of the defendants the claim is brought against." See id. When Cononie pleads his claims for relief in separate counts, he should also specify which claims are against which defendant(s), ensuring defendants have fair notice of the claims against them.

Cononie is cautioned that in the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a

"thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Last, the Amended Complaint violates Rule 11. Rule 11(a) provides: "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." In filing the Amended Complaint, Cononie

violated this Rule because the Amended Complaint does not include Cononie's e-mail address, or telephone number. See generally Amended Complaint. In his corrected complaint, Cononie must include a signature block that contains all of the information required by Rule 11(a).

In light of the foregoing, the Court will strike Cononie's Amended Complaint and direct him to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In accordance with Rules 8(a) and 10(b), in his corrected complaint, Cononie must (1) provide a basis for the Court's jurisdiction, (2) set forth his factual allegations in numbered paragraphs, and (3) set forth his separate causes of action in numbered counts. See Fed. R. Civ. P. 8(a), 10(b). Cononie must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis for each of his claims. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.[4]

---

[4] The Court also notes that the Amended Complaint does not appear to comply with the typography requirements set forth in the Local Rules. See Local Rule 1.08(a)-(b). As such, the Court directs Cononie to review the requirements set forth in Local Rule 1.08 and ensure that all future filings are in compliance.

When preparing the corrected complaint, Cononie is encouraged to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, pro se litigants may call the Clerk's Office at (904) 549-1900 or visit the Clerk's Office check-in window.[5] A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.[6]

Accordingly, it is

**ORDERED:**

1. Cononie's Amended Complaint (Doc. 6) is **STRICKEN**.

---

[5] The Clerk's Office is located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202.

[6] In preparing the corrected complaint and any future filings, the Court recommends that Cononie visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Cononie does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2. Cononie shall file a corrected complaint that complies with the Federal Rules of Civil Procedure and this Order on or before **October 27, 2026.**

3. Failure to submit a corrected complaint that complies with the directives of this Order as well as the Rules and the Local Rules may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc37

Copies to:
Pro Se Party